**4**

**ERIC P. ESCAMILLA #231859**
**LAW OFFICE OF ERIC P. ESCAMILLA**
**516 W. Shaw Avenue, Suite 200**
**Fresno, California 93704**
**Telephone: (559) 485-2535**
**Facsimile: (559) 485-3303**
**Email: eric@escamillalawoffices.com**

**Attorney for Debtors**

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| **In re:** | **Case No. 17-10340-B-7** |
| **FREDDIE MONTIJO and** **LORENA GONSALEZ** | **Chapter 7** |
| | **D.C. No. EPE-1** |
| **Debtors.** | **Date:   March 28, 2017** **Time: 9:30 a.m.** **Place: Dept. B - Courtroom 13** **Judge: Hon. Rene Lastreto, II** |
| | **[11 U.S.C. §554; & F.R.B.P. 6007(a)]** |

## <u>MOTION FOR ORDER COMPELLING ABANDONMENT</u>

## <u>OF BUSINESS ASSETS TO DEBTOR</u>

Debtors, FREDDIE MONTIJO and LORENA GONSALEZ hereby requests entry of an order pursuant to 11 U.S.C. §554, compelling the abandonment of property of the bankruptcy estate as further described herein. This Motion is being brought because Debtors anticipate that, otherwise, Peter L. Fear, the Chapter 7 Trustee may request that Debtors cease business operations. Debtors need to continue to earn income from this business to pay Debtors' ongoing living expenses. Consequently, it is important to Debtors that the business assets be abandoned before it would be shut down.

This Motion is based on this Notice of Motion, Declaration of LORENA GONSALEZ filed herewith, and on the contents of Debtors' Schedules and Statement of Affairs and the

following points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTS RELEVANT TO THIS MOTION

1.     This case was commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 31, 2017 ("Petition Date").

2.     This Court has jurisdiction over this proceeding under 28 U.S.C. §1334(a).  This is a core proceeding under 28 U.S.C. §157(b)(2)(A).  This motion is brought pursuant to 11 U.S.C. §554(b).

3.     Debtor, LORENA GONSALEZ operates an In-Home Living Care for Developmentally Disabled, which has only been in existence for approximately 10 months.

4.     Debtor has no employees and performs all of the duties required to complete the installations, uses her personal vehicle and works out of her home.

5.     Among the assets of the bankruptcy estate are the following sole proprietorship business assets with the following liens and exemptions claimed on each:

| Asset | Value | Lien | Exemption | Net Value to the Estate |
|---|---|---|---|---|
| Goodwill | $1000.00 | $0.00 | $1000.00 | $0.00 |

6.     Debtor has exempted the entirety of the value of the sole proprietorship assets of her business, as described above.

7.     11 U.S.C. § §554(b) provides that the court may, upon motion of a party in interest and after notice and hearing, order the trustee to abandon property of the bankruptcy estate that is of inconsequential value to the estate.

8.     Debtor has exempted the entirety of the assets of the in home care business. Therefore, these business assets have no value to the bankruptcy estate.

9.     The Chapter 7 Trustee appointed in this case is Peter L. Fear.  Debtors' attorney will serve this motion upon the Chapter 7 trustee prior to the hearing on this motion, and anticipates obtaining a non-opposition to this motion prior to the hearing.

## II.

## THE COURT HAS THE AUTHORITY TO GRANT THIS MOTION

11 U.S.C. § 554 in relevant part provides:

"(b)    On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Federal Rule of Bankruptcy Procedure 6007(b) provides in pertinent part:

"A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate."

The Debtor is most certainly a party in interest, and the Debtor can file a motion to compel abandonment under § 554(b), pursuant to Fed. R. Bankr. Proc. 6007(b). See, <u>Wissman v. Pittsburgh Nat. Bank</u>, 942 F. 2d 867, 873 (4th Cir. 1991).

Debtors must establish by a preponderance of the evidence that the Property is burdensome or of inconsequential value and benefit to the estate. <u>In re Viet Vu</u>, (BAP 9th Cir. 2000) 245 B.R. 644, 650.

The filing of a Chapter 7 case vests the Chapter 7 Trustee with jurisdiction of property of the estate of the Debtor. Upon abandonment, the property reverts to the party holding a possessory interest or to the Debtor, and the property interest is restored *nunc pro tunc* as of the filing of the bankruptcy petition. <u>In re Kreisel</u> (BC CDCA 2008) 399 B.R. 679, 687.

Not all property of the bankruptcy estate will be of value to creditors. Often, the Debtor's property is totally exempted, as in this case, that there is no equity and the expenses of maintaining the property are greater than can be realized from the sale or other disposition of the property.

Upon Motion, the Bankruptcy Code authorizes abandonment by the Trustee to abandon back to the Debtors, any property of the estate that is **burdensome to the estate or of inconsequential value and benefit to the estate**. 11 U.S.C. §554(a) & (b) (emphasis added).

///

///

## III.

### THE DEBTOR HAS GIVEN ADEQUATE NOTICE OF THIS MOTION

Pursuant to 11 U.S.C. §554(a), abandonment by the Trustee may only occur after notice and an opportunity for a hearing. Notice to the Trustee, creditors and all other interested parties as specified in Federal Rule of Bankruptcy Procedure 6007(a) are required. 11 U.S.C. §554(a),(b); FRBP 6007(a); Sierra Switchboard Co. v. Westinghouse Elec. Corp. (9th Cir.1986) 789 F.2d 705, 709.

Debtors have provided the Trustee, all creditors and parties in interest with adequate Notice of this Motion. Debtor contends that it is in the best interests of the bankruptcy estate to obtain an order on this Motion.

## IV.

### CONCLUSION

For all the foregoing reasons, Debtors FREDDIE MONTIJO and LORENA GONSALEZ respectfully requests that the Court grant Debtor's Motion for Order Compelling Abandonment of Business Assets.


DATED: 2/9/17                                   Respectfully submitted,


                                                  /s/ Eric P. Escamilla
                                                ERIC P. ESCAMILLA
                                                Attorney for Debtor

4